IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. BURNS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFCR KEVIN BARRETO; OFCR MARK SIMONSON; and BENICIA POLICE DEPT.,<br><br>　　　　Defendants.<br>_____/ | No. 2:10-cv-01563 MCE KJN PS<br><br><br><br><br><br><br>ORDER and ORDER TO SHOW CAUSE |

Presently before the court is defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The court heard this matter on its law and motion calendar on February 3, 2011. Attorney Jennifer L. Rusnak appeared on behalf of defendants. Plaintiff, who is proceeding without counsel, failed to appear at the hearing in violation of this court's Local Rule 230(i).[2] The undersigned has considered the briefs, oral

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Eastern District Local Rule 230(i) provides: "**(i) Failure to Appear.** Absent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of sanctions."

1

arguments, and the record in this case and, for the reasons stated below, grants defendants' motion to dismiss. However, such dismissal is without prejudice, and plaintiff is given leave to file a first amended complaint. The undersigned also orders plaintiff to show cause in writing why he should not be sanctioned for failing to appear at the hearing on February 3, 2011.

I.   BACKGROUND

On June 22, 2010, plaintiff filed his complaint. (See generally Compl., Dkt. No. 1.) Aside from plaintiff's allegation regarding subject matter jurisdiction and his prayer for relief, plaintiff's complaint only states the following:

> 2. Allegations.
>
>   1. Defendants unlawfully used excessive force when using a Taser upon plaintiff.
>
>   2. Defendants violated plaintiffs 4th Amendment rights against unreasonable search and seizures.

(Id. at 1.)[3] In terms of relief, plaintiff asks the court to: (1) "stop the racial bias that is associated with [the Benicia] police dept."; (2) "stop the illegal searches that is associated with this police dept."; and (3) "award plaintiff money for damages suffered." (Id. at 2.)

On November 10, 2010, defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4.) Defendants characterize plaintiff's complaint as alleging two claims for relief pertaining to the alleged violation of plaintiff's constitutional rights: (1) a claim of excessive force; and (2) a violation of plaintiff's Fourth Amendment rights. (Defs.' Mot. to Dismiss at 2.) Defendants contend that plaintiff's bare allegations do not meet the requisite pleading standards and, accordingly, plaintiff's complaint should be dismissed with prejudice.

Plaintiff initially failed to file an opposition to defendants' motion and, as a result, the court continued the hearing on defendants' motion to dismiss to February 3, 2011. (See

---

[3] Plaintiff's complaint is written in all capital letters. For ease of reading, the undersigned has not retained that convention in quoting the complaint.

Order, Dec. 14, 2010, Dkt. No. 13.)  The court ordered plaintiff to file a written opposition or statement of non-opposition to the motion to dismiss by January 13, 2011.  (Id. at 3.)  Plaintiff filed a written opposition on January 13, 2011.  (Dkt. No. 14.)  Plaintiff contends that his complaint meets the pleading standards provided in Federal Rule of Civil Procedure 8(a) because he alleged: (1) a short and plain statement of his claim showing that he is entitled to relief, (2) a basis for this court's subject matter jurisdiction, and (3) a demand for the relief sought.  (Pl.'s Opp'n at 2.)

As noted above, plaintiff failed to appear at the hearing on defendants' motion to dismiss, in violation of Local Rule 230(i).  This is plaintiff's second violation of the court's Local Rules, his first violation consisting of plaintiff's failure to initially file a timely written opposition to the pending motion.

II.     LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v.

Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"). In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

III.   DISCUSSION

Plaintiff's complaint alleges a claim or claims against individual police officers and the Benicia Police Department. Although plaintiff contends that his complaint meets the notice pleading standards applicable in federal court, he is incorrect. Although plaintiff's complaint contains a short and plain statement of his claim or claims, it does not contain enough facts to state a claim for relief that is plausible on its face.

   A.   Claims Against Officers Barreto and Simonson

As noted by defendants, plaintiff's claim or claims are fairly characterized as being premised on purported violations of plaintiff's constitutional rights. Such claims may be properly brought pursuant to 42 U.S.C. § 1983.

Generally, with respect to individual defendants, "Section 1983 imposes civil

liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

Here, at least one of plaintiff's claims appears to be that "defendants" used excessive force against plaintiff' by using a Taser on plaintiff. (Compl. at 1.) Although admittedly unclear, the undersigned construes plaintiff's complaint as alleging a single claim under Section 1983—not two claims, as suggested by defendant—that the use of a Taser on plaintiff constituted excessive force and thus an unlawful seizure of plaintiff in violation of plaintiff's rights secured by the Fourth Amendment of the United States Constitution. As a general matter, an excessive force claim brought pursuant to 42 U.S.C. § 1983 properly alleges a violation of Fourth Amendment rights against unreasonable seizures. See, e.g., Graham v. Connor, 490 U.S. 386, 394 (1989); Luchtel v. Hagemann, 623 F.3d 975, 980 (9th Cir. 2010); Miller v. Clark County, 340 F.3d 959, 963-64 (9th Cir. 2003).

Although plaintiff has alleged a violation of his Fourth Amendment rights, he has not alleged that the alleged violation was committed by a person or persons acting under the color of State law. Accordingly, plaintiff's claim is subject to dismissal for failure to state a claim. However, such a defect is very likely curable by amendment and, accordingly, leave to amend is granted.

5

Moreover, in amending his claims against Officers Barreto and Simonson, plaintiff must include additional, basic facts about the events in question so as to place defendants on notice of the claims against them. For example, plaintiff has not alleged any facts about the date of the events in question. More importantly, plaintiff must allege in any amended complaint how *each* individual defendant, i.e., Officers Barreto and Simonson, was personally involved in the deprivation of his civil rights. See, e.g., James v. Rowlands, 606 F.3d 646, 653 n.3 (9th Cir. 2010) ("Of course, § 1983 imposes liability on a defendant only if he or she personally participated in or directed a violation."); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant."). If plaintiff fails to allege how the individual defendants were personally involved in the alleged violation or violations, his amended complaint will be subject to dismissal for failure to state a claim on which relief can be granted.

B.    Claims Against the Benicia Police Department

Plaintiff also names the Benicia Police Department as a defendant. Municipalities may be liable under Section 1983, and police departments are, as a general matter, separately suable entities that may be liable for civil rights violations. See Karim-Panahi, 839 F.2d at 624 n.2 ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.") (citing Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986)); accord Street v. County of L.A., 236 F.3d 552, 565 (9th Cir. 2001). The standards governing the liability of a municipality differ from those that govern the liability of individuals who acted under color of state law.

Relevant here, in Monell v. Department of Social Services, 436 U.S. 658 (1978),

6

the Supreme Court limited municipal liability and held that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691.  Instead, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690 (footnote omitted).  The Court further stated that "it is when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 693; see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."); Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("A city can be sued for monetary damages under 42 U.S.C. § 1983 if the constitutional violation was a product of a policy, practice, or custom adopted and promulgated by the city's officials.").

The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation."[4] Miranda v. City of Cornelius, 429

---

[4] There exist various formulations of the types of policies that may support a claim of municipal liability.  However, the Ninth Circuit Court of Appeals has stated that in addition to showing that a constitutional violation resulted from an express municipal policy or custom, "[a] plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citing Ulrich v. City & County of San Francisco,

1  F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original);

2  see also Levine, 525 F.3d at 907 ("To establish [municipal] liability, a plaintiff must establish

3  that he was deprived of a constitutional right and that the city had a policy, practice, or custom

4  which amounted to 'deliberate indifference' to the constitutional right and was the 'moving

5  force' behind the constitutional violation.") (citing Van Ort v. Estate of Stanewich, 92 F.3d 831,

6  835 (9th Cir. 1996)).  With respect to the last element, "[t]here must be a direct causal link

7  between a municipal policy or custom and the alleged constitutional deprivation."  Villegas v.

8  Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation

9  marks omitted).

10         Here, plaintiff's complaint does not meet the pleading requirements under Monell

11  insofar as the Benicia Police Department is concerned.  Plaintiff has only pled that his Fourth

12  Amendment rights were violated.  Although plaintiff has not pled facts relevant to the remaining

13  elements of a claim under Monell, he most glaringly omits any allegation that the Benicia Police

14  Department had a policy or custom that was the moving force behind the alleged constitutional

15  violation.  Accordingly, plaintiff's Section 1983 is dismissed as to the Benicia Police

16  Department, but such dismissal is without prejudice.  Plaintiff may file an amended complaint

17  that attempts, if possible, to cure these pleading deficiencies.

18  IV.    CONCLUSION

19         For the foregoing reasons, IT IS HEREBY ORDERED that:

20         1.     Defendants' motion to dismiss (Dkt. No. 4) is granted.

21         2.     Plaintiff's complaint is dismissed without prejudice, and plaintiff is

22  granted leave to file an amended complaint consistent with this order.

23         3.     Plaintiff shall have thirty (30) days from the date of entry of this order

24  within which to file and serve an amended complaint entitled "First Amended Complaint."

25  ─────────────────────────

26  308 F.3d 968, 984-85 (9th Cir. 2002)); accord Villegas, 541 F.3d at 964 (Thomas, J., dissenting).

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. An amended complaint must be complete in itself. See E. Dist. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the prior complaints no longer serve any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

      4.    Plaintiff shall *also* show cause in writing, *on or before February 18, 2011*, why the court should not impose monetary sanctions or other sanctions on plaintiff for plaintiff's failure to appear at the hearing on defendants' motion to dismiss held on February 3, 2011. Plaintiff's failure to appear constitutes a violation of Local Rule 230(i). Plaintiff is reminded that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."[5] E. Dist. Local Rule 110; see also Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

---

[5] Plaintiff is also advised that Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

9

1  (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may

2  dismiss an action for failure to comply with any order of the court."); Thompson v. Housing

3  Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts

4  have inherent power to control their dockets and may impose sanctions including dismissal).

5  *Plaintiff is admonished that his failure to file the required writing shall constitute an additional*

6  *ground for the imposition of appropriate sanctions, including dismissal of his case.*

7  IT IS SO ORDERED.

8  DATED: February 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE