IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY L. BURNS,

      Plaintiff,

  v.

OFCR KEVIN BARRETO; OFCR MARK SIMONSON; and BENICIA POLICE DEPT,

      Defendants.

No. 2:10-cv-01563 MCE KJN PS

ORDER

This order addresses plaintiff's failure to file a written opposition to defendants' motion to dismiss plaintiff's First Amended Complaint. This is the second time that plaintiff has failed to oppose a motion to dismiss in a timely manner. (See Order, Dec. 14, 2010, Dkt. No. 13.) Plaintiff also previously failed to appear at the hearing on defendants' motion to dismiss the original complaint. (Order & Order to Show Cause, Feb. 4, 2011, Dkt. No. 18.) The undersigned is concerned that plaintiff is simply unwilling or unable to follow the orders of the court, the court's Local Rules, and the Federal Rules of Civil Procedure. The undersigned continues the hearing date on defendants' motion to dismiss the First Amended Complaint and permits plaintiff a final opportunity to oppose the motion. Plaintiff is warned that this is the *final* time that the court will treat plaintiff's failures with leniency, and plaintiff's case will be

dismissed with prejudice for any subsequent, similar failure.[1]

Plaintiff's present failures concern his First Amended Complaint, which plaintiff filed on March 3, 2011. (Dkt. No. 22.) On March 17, 2011, defendants filed a motion to dismiss plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and noticed the motion for a hearing to take place on April 21, 2011. (Dkt. No. 23.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to defendants' motion at least fourteen days prior to the hearing date, or April 7, 2011. See E. Dist. Local Rule 230(c).[2] The court's docket reveals that plaintiff failed to file a written opposition or statement of non-opposition with respect to defendants' motion to dismiss.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

---

[1] A Status (Pretrial Scheduling) Conference is also presently set for May 19, 2011. (See Minute Order, March 23, 2011, Dkt. No. 27.) The undersigned also continues the scheduling conference.

[2] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

1  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
2  same rules of procedure that govern other litigants.").  Case law is in accord that a district court
3  may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal
4  Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to
5  comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3]
6  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*
7  *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.
8  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action
9  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute
10 or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,
11 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground
12 for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal
13 Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with
14 any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th
15 Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets
16 and may impose sanctions including dismissal).

   In light of the foregoing, IT IS HEREBY ORDERED that:

   1.  The hearing on defendants' motion to dismiss plaintiff's First Amended
Complaint (Dkt. Nos. 23), which is presently set for April 21, 2011, is continued until Thursday,
May 5, 2011, at 10:00 a.m., in Courtroom 25.

   2.  Plaintiff shall file a written opposition to the motion to dismiss, or a
statement of non-opposition thereto, on or before April 21, 2011.  *Plaintiff's failure to file a*

---

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

*written opposition will be deemed a statement of non-opposition to the pending motion and plaintiff's consent to the granting of the motion to dismiss, and shall constitute an additional ground for the imposition of appropriate sanctions including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

      3.     Defendants may file a written reply to plaintiff's opposition, if any, on or before April 28, 2011.

      4.     The Status (Pretrial Scheduling) Conference presently set for May 19, 2011, is continued and will take place on June 9, 2011.  Status reports shall be filed at least seven days in advance of the continued scheduling conference.

IT IS SO ORDERED.

DATED: April 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE