IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY L. BURNS,

      Plaintiff,                      No. 2:10-cv-01563 MCE KJN PS

    v.

OFCR KEVIN BARRETO; OFCR MARK SIMONSON; and BENICIA POLICE DEPT,

      Defendants.                <u>ORDER</u>

        Presently before the court is defendants' motion to dismiss plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The court heard this matter on its law and motion calendar on May 5, 2011. (Minutes, Dkt. No. 34.) Attorney Gregg A. Thornton appeared on behalf of defendants via telephone. Plaintiff, who is proceeding without counsel, appeared on his own behalf.

        The undersigned has considered the briefs, oral arguments, and the appropriate portions of the record in this case and, for the reasons stated below, grants defendants' motion to dismiss the First Amended Complaint. Specifically, the undersigned dismisses plaintiff's claims

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

alleged against defendants brought pursuant to 42 U.S.C. § 1983 without prejudice because plaintiff has again failed to state plausible claims against defendants, but amendment would not necessarily be futile.[2]

I.  BACKGROUND

On June 22, 2010, plaintiff filed his original complaint ("Complaint"). (Compl., Dkt. No. 1.) Aside from plaintiff's allegation regarding subject matter jurisdiction and his prayer for relief, plaintiff's Complaint only alleged the following:

> 2. Allegations.
>
>    1. Defendants unlawfully used excessive force when using a Taser upon plaintiff.
>
>    2. Defendants violated plaintiff's 4th Amendment rights against unreasonable search and seizures.

(Id. at 1.)[3]

Defendants filed a motion to dismiss plaintiff's Complaint, and the undersigned granted that motion.[4] (Order & Order to Show Cause, Feb. 4, 2011, Dkt. No. 18.) The undersigned dismissed plaintiff's claims against Officers Barreto and Simonson because plaintiff failed to include enough facts to place these individual defendants on notice of the claims alleged against them. The undersigned granted plaintiff leave to amend his Complaint and specifically admonished plaintiff that he needed to, at a minimum, identify the date of the incident in question and allege facts regarding how each officer was personally involved in the alleged

---

[2] As addressed below, the undersigned also overrules defendants' Objections to Evidence Submitted by Plaintiff in Support of His Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 32, Doc. No. 32-1).

[3] Plaintiff's Complaint and First Amended Complaint are written in all capital letters. For ease of reading, the undersigned has not retained that convention in quoting these pleadings.

[4] The undersigned held a hearing on defendants' first motion to dismiss, and plaintiff failed to appear. (Order & Order to Show Cause at 1 & n.1.) Plaintiff had also failed to file a timely written opposition to defendants' motion, but the court granted plaintiff additional time to file an opposition. (Id. at 2-3; see also Order, Dec. 14, 2010, Dkt. No. 13.)

deprivation of plaintiff's civil rights. (Id. at 6.) The undersigned also dismissed the claims alleged against the Benicia Police Department without prejudice. In dismissing those claims, the undersigned set forth a lengthy explanation of the standards that apply to civil rights actions against municipalities, including police departments. (See id. at 6-8.) The undersigned concluded that "[a]lthough plaintiff has not pled facts relevant to the remaining elements of a claim under Monell, he most glaringly omits any allegation that the Benicia Police Department had a policy or custom that was the moving force behind the alleged constitutional violation." (Id. at 8.)

On March 3, 2011, plaintiff timely filed a First Amended Complaint. (First Am. Compl., Dkt. No. 22.) Other than the allegation addressing subject matter jurisdiction and the prayer for relief, plaintiff's First Amended Complaint only contains the following allegations:

> 2. Allegations
>
> 1. Without reason or cause defendants entered onto resident private property and unlawfully used excessive force when using a Taser upon plaintiff.
>
> 2. Without reason or cause defendants entered onto resident private property and violated plaintiff's 4th Amendment rights against unreasonable search and seizures when defendants unlawfully searched plaintiff and took property.

(Id. at 1.) In terms of relief, plaintiff asks the court to: (1) "stop the racial bias that is associated with this police dept."; (2) "stop the illegal searchs [sic] that is [sic] associated with this police dept."; and (3) "award plaintiff money for damages suffered." (Id. at 2.)

On March 17, 2011, defendants filed a motion to dismiss plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Dkt. No. 23-26.) As with defendants' first motion to dismiss, plaintiff again failed to file a timely written opposition to defendants' motion. (See Order, Apr. 13, 2011, Dkt. No. 28.) The undersigned continued the hearing on defendants' motion to dismiss to May 5, 2011, and ordered plaintiff to file a written opposition or statement of non-opposition to the motion to dismiss on or before

1  April 21, 2011.  (Id. at 3.)

2  Plaintiff filed a written opposition on April 14, 2011.  (Pl.'s Opp'n to Mot. to Dismiss, Dkt. No. 29.)  Plaintiff's opposition brief is one page long and unresponsive to defendants' arguments.  However, the following documents are attached to plaintiff's opposition: (1) the declaration of Solano County Deputy Public Defender Laurie Berliner, who appears to have represented plaintiff in connection with a criminal prosecution for counts of felony possession of cocaine base and resisting, obstructing, or delaying a peace officer; (2) a one-page "Arrest Report" prepared by Officer Barreto that pertains to the arrest and Tasing of plaintiff June 28, 2008; (3) a two-page "Incident Report" prepared by Officer Barreto that also relates to the arrest and Tasing of plaintiff; and (4) a supplemental "Incident Report" prepared by Officer Simonson that relates to the arrest and Tasing of plaintiff.  (Pl.'s Opp'n at 2-12.)  All of these documents appear to provide either plaintiff's public defender's view of the incident in question or the views of Officers Barreto and Simonson regarding the same events.  None of these documents is attached to either the First Amended Complaint or a request for judicial notice.

Defendants filed a reply brief.  (Defs.' Reply Br., Dkt. No. 32.)  Their reply brief included objections to the documents submitted by plaintiff with plaintiff's opposition brief.  (Defs.' Objs. to Evidence, Dkt. No. 32, Doc. No. 32-1.)

II.     LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its

face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint, and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved").  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[5] Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see, e.g., Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider

---

[5] Additionally, under the "incorporation by reference" doctrine, a court may also review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted and modification in original).

5

allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice.") (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001)); see also Simmonds v. Credit Suisse Sec. (USA) LLC, --- F.3d ---, Nos. 09-35262 et al., 2011 WL 135693, at *6 n.16 (9th Cir. Jan. 25, 2011) (considering letters submitted with an opposition to a motion to dismiss in deciding to dismiss several complaints with prejudice).

III.   DISCUSSION

It was unclear from plaintiff's original Complaint whether he intended to allege two Section 1983 claims or only one such claim. (See Order & Order to Show Cause, Feb. 4, 2011, at 2, 5.) However, plaintiff's First Amended Complaint clarifies that plaintiff intends to allege two claims for relief. First, plaintiff alleges that "defendants" used excessive force against him by entering onto private property and using a Taser on him "without reason or cause." (First Am. Compl. at 1.) Second, plaintiff claims that "defendants" violated his rights under the Fourth Amendment of the United State Constitution by entering onto private property, unlawfully searching plaintiff, and taking property. (Id. at 1-2.)

A.   Plaintiff's Claims Against Officers Barreto and Simonson

Plaintiff alleges violations of his constitutional rights. Such claims may be properly brought pursuant to 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the

6

United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

Plaintiff's first claim alleges that "defendants" used excessive force on him through use of a Taser. (First Am. Compl. at 1.) "Allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures."[6] Bryan v. MacPherson, 630 F.3d 805, 823 (9th Cir. 2010) (citing, *inter alia*, Graham v. Connor, 490 U.S. 386, 394 (1989)). In relevant part, the Fourth Amendment to the U.S. Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." All claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop, or other seizure are analyzed exclusively under the Fourth Amendment's "reasonableness" standard. See Davis v. City of Las Vegas, 478 F.3d 1048, 1054 (9th Cir. 2007); accord Smith v. City of Hemet, 394 F. 3d 689, 700 (9th Cir. 2005) (en banc), cert. denied, 545 U.S. 1128 (2005); see also Tatum v. City & County

---

[6] Whether the use of a Taser by law enforcement personnel constitutes excessive force is an active area of litigation in the Ninth Circuit. Indeed, two panel decisions of the Ninth Circuit Court of Appeals addressing the permissible use of the Taser were heard by an en banc panel of Circuit Judges on December 14, 2010. See Brooks v. City of Seattle, 599 F.3d 1018 (9th Cir. 2010), withdrawn upon grant of en banc rehearing, 623 F.3d 911 (2010); Mattos v. Agarano, 590 F.3d 1082 (9th Cir. 2010), withdrawn upon grant of en banc rehearing, 625 F.3d 1132 (2010). Those appeals are presently under submission and have not yet been decided by the en banc panel.

1  of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006) ("The Fourth Amendment does not
2  prohibit a police officer's use of reasonable force during an arrest.") (citing Graham, 490 U.S.
3  at 396). "That analysis requires balancing the 'nature and quality of the intrusion' on a person's
4  liberty with the 'countervailing governmental interests at stake' to determine whether the use of
5  force was objectively reasonable under the circumstances." Smith, 394 F.3d at 701[7] (citing
6  Graham, 490 U.S. at 396); accord Liberal v. Estrada, 632 F.3d 1064, 1079 (9th Cir. 2011). In
7  evaluating the governmental interests at stake, the court considers a non-exhaustive list of
8  factors, which includes: "'[1] the severity of the crime at issue, [2] whether the suspect poses an
9  immediate threat to the safety of the officers or others, and [3] whether he is actively resisting
10  arrest or attempting to evade arrest by flight.'" Davis, 478 F.3d at 1054 (quoting Graham, 490
11  U.S. at 396) (modifications in original); see also Smith, 394 F.3d at 701 (stating that the court is
12  not limited to consideration of the three enumerated factors because the test of reasonableness
13  under the Fourth Amendment is not capable of precise definition or mechanical application). In
14  some cases, it might be appropriate for the court to consider "the availability of alternative
15  methods of capturing or subduing a suspect." Smith, 394 F.3d at 701.
16         Plaintiff's second claim alleges that "defendants" entered onto private property
17  and "unlawfully searched plaintiff and took property," in violation of plaintiff's Fourth
18  Amendment rights. (First Am. Compl. at 1-2.) As implied by the text of the Fourth Amendment
19  itself, a claim of an unlawful search generally proceeds under a reasonableness test. See, e.g.,
20  Edgerly v. City & County of San Francisco, 599 F.3d 946, 956-57 (9th Cir. 2010).
21         Despite the lengthy recitation of authorities addressing claims of the sort
22  presented by plaintiff here, plaintiff's pleading deficiencies in regards to his claims against
23  Officers Barreto and Simonson are even more basic or rudimentary in nature. In dismissing

---

[7] In Smith, the en banc panel of the Court of Appeals stated: "The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them[.]'" 394 F.3d at 701 (quoting Graham, 490 U.S. at 397) (modification in original).

plaintiff's original complaint, the undersigned clearly informed plaintiff that in order to state a cognizable claim against the officers, plaintiff needed to, at a minimum, allege that the officer or officers that allegedly violated his constitutional rights acted under color of state law; allege how each individual defendant was personally involved in the deprivation of his civil rights; and allege basic facts regarding the events at issue in order to put the officers on notice of the claims against them. (See Order, Feb. 4, 2011, at 5-6.) The court not only provided plaintiff with the applicable substantive standards implicated by plaintiff's claims, but also the basic pleading standards that plaintiff must meet in order for his lawsuit to go forward. Plaintiff plainly failed to follow the court's guidance. Accordingly, the undersigned dismisses plaintiff's claims against Officers Barreto and Simonson for failure to state a claim on which relief can be granted.

Although plaintiff's claims against the individual officers are subject to dismissal, such dismissal is without prejudice because the documents attached to plaintiff's opposition brief demonstrate that he can likely cure the pleading deficiencies in the First Amended Complaint. The parties may very well dispute the factual accounts contained in the declaration and police reports attached to plaintiff's opposition brief, but those documents reveal several basic facts about the events that likely give rise to plaintiff's claims. These facts include that: (1) the events in question took place on June 28, 2008; (2) plaintiff was the subject of a traffic stop, purportedly for having an inoperable taillight; (3) Officers Burns and Simonson conducted the traffic stop, with varying degrees of involvement; (4) at some point the encounter involved the use of a Taser on plaintiff; and (5) at some point the officers searched plaintiff and reported recovering an amount of cocaine base from plaintiff. Facts such as these are readily available to plaintiff and should have been included in the First Amended Complaint, but plaintiff continues to omit these sorts of basic facts from his pleadings. Plaintiff is granted a *final opportunity* to amend his complaint and attempt to cure the deficiencies identified in the undersigned's prior order and this order. Plaintiff is reminded that, as noted above, in evaluating the propriety of a motion to dismiss pursuant to Rule 12(b)(6), the court may generally consider only the allegations

1  contained in the complaint, exhibits attached to the complaint, and judicially noticeable matters.
2  See, e.g., Outdoor Media Group, Inc., 506 F.3d at 899.

3  Defendants object to plaintiffs' submission of "extrinsic evidence" with the
4  opposition brief and also filed objections to that evidence. (Defs.' Reply Br. at 8-9; Defs.' Objs.
5  to Evidence.) Defendants argue that the court should limit its review to the allegations actually
6  included in the "four corners" of the complaint in considering their motion to dismiss, and that
7  the documents submitted by plaintiff have "no bearing" on the instant motion. (See Defs.' Reply
8  Br. at 8-9.) Defendants are correct that the documents submitted by plaintiff have no bearing on
9  evaluating the propriety of defendants' motion to dismiss. And the undersigned has not
10 considered plaintiffs' documents in evaluating the propriety of defendants' motion. However,
11 the undersigned has permissibly considered the documents attached to plaintiff's opposition brief
12 in evaluating whether plaintiff should be given leave to amend his First Amended Complaint.
13 See, e.g., Simmonds, --- F.3d ---, Nos. 09-35262 et al., 2011 WL 135693, at *6 n.16; Broam, 320
14 F.3d at 1026 n.2; Orion Tire Corp., 268 F.3d at 1137-38. Accordingly, defendants' objection to
15 the undersigned's consideration of plaintiff's documents is overruled. Additionally, defendants'
16 evidentiary objections are overruled because plaintiff is under no obligation to demonstrate that
17 his documents would be admissible at trial when those documents are considered for the very
18 limited purpose of evaluating whether leave to amend should be granted. It bears noting that had
19 plaintiff attached the subject documents to his First Amended Complaint, rather than his
20 opposition brief, the court could have appropriately considered those documents in evaluating the
21 propriety of defendants' motion to dismiss. See, e.g., Coos County Bd. of County Comm'rs v.
22 Kempthorne, 531 F.3d 792, 811 & n.14 (9th Cir. 2008); Outdoor Media Group, Inc., 506 F.3d
23 at 899.

24      B.     Claims Against the Benicia Police Department

25  Plaintiff also named the Benicia Police Department as a defendant in the First
26  Amended Complaint. Although the court previously provided plaintiff with all of the necessary

elements of a Section 1983 claim against a police department, including those set forth below, fatal deficiencies persist in plaintiff's First Amendment Complaint.

Municipalities may be liable under Section 1983, and police departments are, as a general matter, separately suable entities that may be liable for civil rights violations. See Karim-Panahi, 839 F.2d at 624 n.2 ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.") (citing Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986)); accord Street v. County of L.A., 236 F.3d 552, 565 (9th Cir. 2001), cert. denied, 534 U.S. 823 (2001). The standards governing the liability of a municipality differ from those that govern the liability of individuals who acted under color of state law.

Relevant here, in Monell v. Department of Social Services, 436 U.S. 658, the Supreme Court limited municipal liability and held that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. Instead, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690 (footnote omitted). The Court further stated that "it is when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 693; see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."); Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("A city can be sued for monetary damages under 42 U.S.C. § 1983 if the constitutional violation was a product of a policy, practice, or custom adopted and promulgated by the city's officials.").

The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation."[8] Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original); see also Levine, 525 F.3d at 907 ("To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation.") (citing Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), cert. denied, 519 U.S. 1111 (1997)). With respect to the last element, "[t]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (citation and quotation marks omitted).

As with plaintiff's original Complaint, plaintiff's First Amended Complaint does not meet the pleading requirements under Monell with respect to plaintiff's Section 1983 claims against the Benicia Police Department. Plaintiff only pled that his Fourth Amendment rights were violated by "defendants" when defendants: (1) used a Taser on plaintiff without cause or a reason justifying the use of Taser, and (2) unlawfully searched plaintiff and took unspecified property. (See First Am. Compl. at 1-2.) As with his Complaint, plaintiff failed to allege that the

---

[8] There exist various formulations of the types of policies that may support a claim of municipal liability. However, the Ninth Circuit Court of Appeals has stated that in addition to showing that a constitutional violation resulted from an express municipal policy or custom, "[a] plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citing Ulrich v. City & County of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)); accord Villegas, 541 F.3d at 964 (Thomas, J., dissenting).

Benicia Police Department had a policy, custom, or practice that was the moving force behind the alleged constitutional violation. Thus, plaintiff failed to allege facts that support two of the elements of a Monell claim. As expressed at the hearing, the undersigned has little reason to believe that plaintiff can amend his complaint to allege a plausible claim against the Benicia Police Department. However, the undersigned grants plaintiff leave to amend out of an abundance of caution. If after review of this order plaintiff believes he lacks a good faith legal and factual basis to allege claims against the Benicia Police Department, he should not name the Benicia Police Department in a further amended pleading.

IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' Objections to Evidence Submitted by Plaintiff in Support of His Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 32, Doc. No. 32-1) are overruled.

2. Defendants' motion to dismiss plaintiff's First Amended Complaint (Dkt. No. 23) is granted.

3. Plaintiff's claims against defendants Kevin Barreto, Mark Simonson, and the Benicia Police Department are dismissed without prejudice, and plaintiff is granted a *final opportunity* to correct the pleading deficiencies identified herein.

4. Plaintiff shall have thirty (30) days from the date of entry of this order within which to file and serve an amended complaint entitled "Second Amended Complaint." Plaintiff is again informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any

function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

   IT IS SO ORDERED.

DATED: May 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE