IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY L. BURNS,

        Plaintiff,                    No. 2:10-cv-01563 MCE KJN PS

       v.

OFCR KEVIN BARRETO;
OFCR MARK SIMONSON OF
THE BENICIA POLICE DEPT,

        Defendants.              ORDER
_____/

Presently before the court is plaintiff's ex parte request, filed on February 23, 2012 (Dkt. No. 47), seeking an extension of time in which to oppose defendants' motion for summary judgment (Dkt. No. 47).[1]  Defendants' motion for summary judgment is set for a hearing to take place on March 15, 2012 (Minute Order, Feb. 10, 2012, Dkt. No. 48), and, as a result, plaintiff's opposition or statement of non-opposition is due on or before March 1, 2012.[2] See E. Dist. Local Rule 230(c).  Plaintiff seeks an extension of time or continuance of the hearing

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] In terms of relevant scheduling deadlines in this case, all discovery in this case must be completed by April 20, 2012.  (Status (Pretrial Scheduling) Order at 4, Dkt. No. 42.)  Additionally, dispositive motions must be heard by June 14, 2012.  (See id. at 2-3.)

date and briefing schedule pursuant to Federal Rule of Civil Procedure 56(d),[3] so that he may obtain and review documents he claims he needs to oppose defendants' motion for summary judgment. Defendants filed a lengthy opposition to plaintiff's ex parte request (Dkt. No. 51).

Federal Rule of Civil Procedure 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. Specifically, Rule 56(d) provides:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Interpreting the previously numbered Rule 56(f), the Ninth Circuit Court of Appeals stated that "[t]o prevail under this Rule, parties opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, the "burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Id. (citation and quotation marks omitted).

Here, defendants correctly argue that, as a procedural matter, plaintiff failed to file

---

[3] Plaintiff's request cites to Federal Rule of Civil Procedure 56(f) as the basis for the relief sought. In late 2010, the relevant provisions previously found in Rule 56(f) were moved and renumbered as Rule 56(d). See Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f). . . . A party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary-judgment motion.") It readily appears that plaintiff intended to rely on Rule 56(d) in seeking relief.

2

the "affidavit or declaration" required by Rule 56(d). Defendants also correctly argue that, as a substantive matter, plaintiff failed to identify the specific facts that plaintiff hopes to discover and further failed to show that those facts exist and are essential to justify his opposition to defendants' motion for summary judgment. Instead, plaintiff's request is unaccompanied by any affidavit or declaration and is framed in the most general terms possible.

Nevertheless, given plaintiff's relatively timely request for relief, plaintiff's status as a pro se litigant, and the fact that discovery has not yet closed in this case, the undersigned provides plaintiff with one opportunity to make the factual showing required to justify relief under Rule 56(d). The undersigned will thereafter determine whether plaintiff has provided an adequate basis for the relief requested and amend the briefing schedule as appropriate.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff is relieved from his obligation to file a written opposition or statement of non-opposition on March 1, 2012.

2. The March 15, 2012 hearing on defendants' motion for summary judgment is vacated and will be reset at a later date.

3. On or before March 9, 2012, plaintiff shall file a sworn affidavit or appropriate declaration made under penalty of perjury that sets forth the factual showing required by Federal Rule of Civil Procedure 56(d).

4. Defendant may file a written opposition or statement of non-opposition to plaintiff's affidavit or declaration within seven days after plaintiff files such affidavit or declaration. However, the court may rule on plaintiff's request prior to the expiration of those seven days.

////
////
////
////

3

5. After receipt of plaintiff's affidavit or declaration, the court will enter an order that either grants appropriate relief to plaintiff or resets defendants' motion for summary judgment for a new hearing date with an appropriate, but expedited, briefing schedule.

IT IS SO ORDERED.

DATED: February 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE