IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY L. BURNS,

        Plaintiff,                No. 2:10-cv-01563 MCE KJN PS

        v.

OFCR KEVIN BARRETO;
OFCR MARK SIMONSON OF
THE BENICIA POLICE DEPT,

        Defendants.         <u>ORDER</u>

/

On February 23, 2012, plaintiff filed an ex parte request (Dkt. No. 47) seeking an extension of time in which to oppose defendants' motion for summary judgment.[1] Defendants' motion for summary judgment was previously set for a hearing to take place on March 15, 2012 (Minute Order, Feb. 10, 2012, Dkt. No. 48), and, as a result, plaintiff's opposition to the motion or statement of non-opposition was due on or before March 1, 2012.[2] <u>See</u> E. Dist. Local Rule 230(c). Plaintiff timely sought an extension of time or continuance of the hearing date and

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] In terms of relevant scheduling deadlines in this case, all discovery in this case must be completed by April 20, 2012. (Status (Pretrial Scheduling) Order at 4, Dkt. No. 42.) Additionally, dispositive motions must be heard by June 14, 2012. (<u>See</u> <u>id.</u> at 2-3.)

briefing schedule pursuant to Federal Rule of Civil Procedure 56(d),[3] so that he could obtain and review documents he claimed he needed to oppose defendants' motion for summary judgment. Defendants filed a lengthy opposition to plaintiff's ex parte request (Dkt. No. 51).

On February 29, 2012, the undersigned found that plaintiff's ex parte request was procedurally and substantively deficient under the applicable standard. (See Order, Feb. 29, 2012, Dkt. No. 52.) As noted in the February 29, 2012 order, Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. Specifically, Rule 56(d) provides:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Interpreting previously numbered Rule 56(f), the Ninth Circuit Court of Appeals stated that "[t]o prevail under this Rule, parties opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, the "burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent

---

[3] Plaintiff's request cites to Federal Rule of Civil Procedure 56(f) as the basis for the relief sought. In late 2010, the relevant provisions previously found in Rule 56(f) were moved and renumbered as Rule 56(d). See Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f). . . . A party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary-judgment motion.") It readily appears that plaintiff intended to rely on Rule 56(d) in seeking relief.

summary judgment." Id. (citation and quotation marks omitted).  Plaintiff had neither filed the appropriate affidavit, nor made the showing required under Rule 56(d) and the relevant case law. Nevertheless, the undersigned granted plaintiff leave to file an affidavit that attempted to make an appropriate showing under Rule 56(d), and also permitted defendants to respond to plaintiff's affidavit.  (Order, Feb. 29, 2012, at 3.)  The undersigned vacated the hearing date and briefing scheduling concerning defendants' motion for summary judgment.

On March 8, 2012, plaintiff filed an affidavit ("Affidavit") in support of his Rule 56(d) motion (Dkt. No. 53).  Plaintiff's Affidavit begins by generally describing the nature of the items or facts plaintiff believes he needs to oppose the motion for summary judgment: "The items or facts needed to show, what is public and what is private property, what it is to have proable [*sic*] cause or no proable [*sic*] cause at all, what it is to have a warrant to search or no warrant, no consent no search.  Also the use of verbal and physical coercion by the defendants." (Pl.'s Aff. at 1-2.)  The Affidavit then lists five categories of documents or information sought, which are summarized as follows:

- A February 8, 2010 "incident report" concerning a traffic accident where defendants responded to the call, which plaintiff asserts will show that defendants knew "the difference between public private property" relative to the June 28, 2008 incident that underlies this action.[4]

- Photographs showing the relationship between private and public property where the June 28, 2008 incident took place.

- Documents from "Main Gate Homeowners," again relating to the boundary between private and public property at the scene of the June 28, 2008 incident.

- "Documents on" consent, coercion, and warrantless searches that "plaintiff will need to generate."

- "[M]ore information from the Vallejo courts that will show plaintiff never committed or was ever cited for any vehicle violation, and the fact it

---

[4] In essence, plaintiff alleges that on June 28, 2008, two officers of the Benicia Police Department unlawfully searched plaintiff during a traffic stop and unlawfully used a Taser on plaintiff, all of which violated plaintiff's constitutional rights.  (See Second Am. Compl. ¶¶ 2(1)-(2), Dkt. No. 37.)

3

doesnt [*sic*] exist."
(See id. at 2-3.) Defendants filed a response in opposition to plaintiff's Affidavit that highlights deficiencies in plaintiff's filing (Dkt. No. 54).

The undersigned concludes that although plaintiff appears to be attempting to satisfy the requirements of Rule 56(d) in good faith, he has not successfully made the showing under that rule. As to certain categories of documents or information—the photographs of the incident scene and the documents concerning consent, coercion, and warrantless searches—it appears that those materials do not yet exist. Additionally, and significantly, plaintiff has not explained in sufficient detail why the discovery sought would *preclude* granting defendants' motion for summary judgment. See, e.g., Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."). Moreover, plaintiff has not explained what steps he has taken to obtain the information sought, and what discovery devices he intends to use to obtain that discovery if given leave to do so. These myriad defects in plaintiff's Affidavit are fatal to his ex parte request. See, e.g., Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1130 (9th Cir. 2004) ("The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment.") (citation and quotation marks omitted).

Nevertheless, out of an abundance of caution, the undersigned grants plaintiff one *final* opportunity to make the proper showing under Rule 56(d). Plaintiff is cautioned that he must review Rule 56(d) and the relevant case law in order to file a legally and factually adequate affidavit. Defendant may, but is not required to, file a written opposition to plaintiff's renewed affidavit, if any is filed.

////

4

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. On or before April 12, 2012, plaintiff shall file a renewed sworn affidavit or appropriate declaration made under penalty of perjury that sets forth the factual showing required by Federal Rule of Civil Procedure 56(d).

2. Defendant may file a written opposition or statement of non-opposition to plaintiff's affidavit or declaration within seven days after plaintiff files such affidavit or declaration. However, the court may rule on plaintiff's request prior to the expiration of those seven days.

3. After receipt of plaintiff's renewed affidavit or declaration, the court will enter an order that either grants appropriate relief to plaintiff or resets defendants' motion for summary judgment for a new hearing date with an appropriate, but expedited, briefing schedule.

IT IS SO ORDERED.

DATED: March 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE